UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS, JR.,

Plaintiff,

v.

CAUSE NO. 3:20-CV-004-DRL-MGG

STERLING, *et al.*,

Defendants.

## OPINION AND ORDER

James Edward Harris, Jr., a prisoner without a lawyer, filed this lawsuit alleging he was denied access to the court. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Harris alleges jail officials prevented him from attending a paternity hearing on December 9, 2019. Prison officials violate the Constitution only if they actually deprive a prisoner of the opportunity to present or prosecute a specific non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 353 (1996). A "delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (7th Cir. 2003) (quotation mark omitted).

Here, Mr. Harris has not even been delayed—much less prejudiced or prevented from presenting his claim. Attached to his complaint is a letter from the lawyer who represented him at the hearing. The lawyer explained: "the Court did not move forward with the paternity establishment because Ms. Hey kept telling the court she did not understand what was being asked of her throughout

the hearing. As such, the Court wants to meet with her attorney before proceeding." ECF 1 at 5. This letter closes by saying, "In the next week or two I will come to the jail to go through the case and some possible proposals." *Id.* This letter from his attorney clarifies that the hearing was postponed for reasons other than his absence. So too, it underscores that the proceeding is not over and he has not been prevented from presenting his case.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile"). Such is the case here. Accordingly, this case is DISMISSED under 28 U.S.C. § 1915A because this complaint does not state a claim.

SO ORDERED.

January 3, 2020             *s/ Damon R. Leichty*
                                                                                  Judge, United States District Court